# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICARDO QUINTANA, SR.,**

        **Plaintiff,**

**-vs-**                                                       **Case No. 6:14-cv-442-Orl-28DAB**

**ATLANTIC SPECIALTY INSURANCE COMPANY A/K/A ONEBEACON INSURANCE,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon Defendant's response (Doc. 7) to the Court's Order to Show Cause why this action should not be remanded as improvidently removed (Doc. 6). As set forth in the show cause Order, Defendant filed a Notice of Removal (Doc. 1) of a complaint for declaratory relief regarding personal injury protection benefits under state law, filed in county court (Doc. 2). For the following reasons, it is **respectfully recommended** that the Court **remand** this action, for lack of jurisdiction.

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Here, Defendant purports to remove the action under the Court's diversity jurisdiction. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal. The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

To meet the amount in controversy requirement, the removing defendant must demonstrate that the amount in controversy likely exceeds the court's jurisdictional threshold:

> Where the complaint does not expressly allege a specific amount in controversy, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

*Williams,* 269 F.3d at 1319-1320. *See also Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754-55 (11th Cir. 2010) (noting that a removing party may present additional evidence, such as business records and affidavits, to satisfy its jurisdictional burden, but is not required to prove the amount in controversy "beyond all doubt or to banish all uncertainty about it"); *Roe v. Michelin North America,*

*Inc.*, 613 F.3d. 1058 (11th Cir. 2010) (discussing factors for trial court to consider in discerning whether the complaint presents a case that "more likely than not" exceeds $75,000).

Here, Plaintiff alleges in the Complaint that the amount in controversy is "in an amount not exceeding $15,000.00." (Doc. 2, ¶ 1). While the exact amount sought is not specified, it is clear that it is no more than the $15,000 ceiling pled. Defendant, in its removal Notice, ignores this assertion, and offers only that "Plaintiff has submitted medical bills in excess of $6000, has had back surgery recommended to him by his doctor, and has demanded in writing $100,000 to settle the case." (Doc. 1). Defendant's bald assertions regarding a demand letter are not sufficient to contradict the plain assertions of the Complaint, which, as Defendant acknowledges, was filed in state *county* court.[1] Thus, the Notice of Removal fails to demonstrate an amount in controversy exceeding $75,000 by a preponderance of evidence, and Defendant was ordered to show cause why the action should not be dismissed as improvidently removed.

In its response, Defendant contends that "[t]he complaint states that this lawsuit involves Personal Injury Protection insurance benefits" but "[t]his allegation is incorrect, as the policy provides for occupational accident insurance benefits, rather than statutorily-mandated PIP benefits." In support of this contention, Defendant references a policy, but fails to attach it and fails to provide any evidence (by affidavit or otherwise) of same. Defendant also contends that the policy provides short-term and long-term disability benefits, "although Plaintiff has not yet submitted a formal claim form for such disability benefits . . .". Thus, Defendant's contention that the amount in controversy meets the jurisdictional demand is based on an interpretation of Plaintiff's cause of action that contradicts the allegations of the Complaint and includes claims that Plaintiff has *not asserted.* As the amount

---

[1] The jurisdiction of county courts extends to civil disputes involving $15,000 or less. *See White v. Marine Transport Lines,* 372 So. 2d 81, 84 (Fla. 1979) (holding that county court was precluded from entering judgment for damages in excess of its jurisdictional limits).

at issue is the amount in controversy at the time the matter is removed, and the case was brought in a forum which is without power to enter a judgment of $75,000 or more, such future claims are of no moment. The Court finds this is insufficient to overcome the plain language of the claim for "personal injury protection benefits in an amount not exceeding $15,000."

As Defendant has not met its burden of showing that the matter is within the diversity jurisdiction of this Court, it is therefore **respectfully recommended** that the complaint be **remanded** to the state court, as improvidently removed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 8, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy